UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW JOSEPH WEST, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-177-HAB-SLC |
| CHRISTINA REAGLE, et al., | |
| Defendants. | |

OPINION AND ORDER

Andrew Joseph West, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee has not been paid as ordered by the court. (ECF 4.) Upon review of his response (ECF 5), the case will proceed to screening under 28 U.S.C. § 1915A. He is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

As required by 28 U.S.C. § 1915A, the court must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. West is proceeding

without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. West is being detained at the Whitley County Jail. Public records reflect that on August 28, 2023, he was found guilty of failing to register as a sex offender in Whitley County Circuit Court and sentenced to six years in prison.[1] *See State v. West*, 92C01-2302-F5-000180 (Whitley Cir. Ct. decided Aug. 29, 2023). He has filed a notice of appeal of the judgment. *Id.* (docket entry Sept. 1, 2023). In his complaint, he claims that the statute under which he was charged, IND. CODE § 11-8-8-17(a)(5), does not apply to him because it was enacted after he was convicted of a sex offense in 2009. He believes he had no obligation to register as a sex offender after 2020, and that a retroactive application of the statute violates his rights. He sues the Commissioner of the Indiana Department of Correction, a state prosecutor, and the Whitley County Sheriff alleging wrongful incarceration and related claims.

Mr. West cannot use a federal civil rights suit to have his state conviction overturned or expunged. Instead, the sole means of challenging his conviction in federal court is through the habeas corpus statute. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Additionally, he cannot pursue a civil claim for wrongful incarceration based on an allegation that he was not required to register as a sex offender under the statute, because such a claim rests on a presumption that his conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This claim cannot be brought unless and until his

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. There is no indication that has occurred, and instead, public records reflect that his direct appeal is still pending. Therefore, the case must be dismissed without prejudice. *Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). The court considers that "[t]he favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . . . Rather, it is grounded in substantive concerns about allowing conflicting judgments." *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). The court finds no basis to conclude that if given another opportunity, Mr. West could assert a claim challenging his outstanding conviction that survives *Heck,* consistent with the allegations he has already made under penalty of perjury.

For these reasons, this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

SO ORDERED on September 7, 2023.

                                                    s/Holly A. Brady
                                                    CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT